04cv19007a-Costs.wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LESLIE HODGE,** : | |
| : | **Case No. 1:04-CV-19007** |
| **Plaintiff,** : | |
| : | **JUDGE O'MALLEY** |
| v. : | |
| : | **ORDER** |
| **LINCOLN ELECTRIC CO., et al.,** : | |
| : | |
| **Defendants** : | |

Defendants have moved for an award of costs in the amount of $97,103.89 (docket no. 47). The motion is **GRANTED AS UNOPPOSED**.

\* \* \* \* \*

The procedural history of this case, and its context within this MDL, is set out accurately and in detail in defendants' motion; accordingly, the Court does not repeat it here. It suffices to say that, in 2006, the Court observed: (1) "defendants have now been forced twice to incur substantial trial-preparation costs, only to have the plaintiff seek to avoid an adjudication after discovery was virtually complete;" and (2) "at some point, sanctions in the form of cost shifting might be appropriately imposed on a plaintiff and/or his counsel" if the same circumstance occurred again. *Peabody v. Lincoln Electric Co.*, case no. 05-CV-17678, docket no. 26 at 3-4 (July 31, 2006) (referring to the dismissals of *Peabody* and *Morgan*).

In fact, the same circumstance did occur again in this case, even after plaintiffs re-certified

Hodge's claims as ones they intended to take to trial.[1] As defendants note, 28 U.S.C. §1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." The Court concludes an award of expenses pursuant to §1927 is appropriate, especially in light of the fact that plaintiffs do not oppose the motion (and did not ask for any extension of time to do so).[2] The Court further finds that the expenses recited in defendants' submission appear to be case-specific and reasonable on their face, and plaintiffs have given the Court no basis to question any of the itemized amounts.

Accordingly, the Court hereby enters a cost award to defendants, in the amount of $97,103.89.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED**: December 21, 2010

---

[1] Indeed, this is the second post-certification dismissal that occurred during pre-trial discovery in an MDL case, *following* the Court's 2006 observation in *Peabody* – the same thing happened in *Ray*, case no. 04-CV-18252.

[2] It is likely that plaintiffs did not file an opposition because the Court earlier made it so clear that another incident similar to the dismissals in *Peabody*, *Morgan*, and *Ray* would almost certainly merit some sort of sanction.